TATE, Judge.
This is a suit by Edmundson-Duhe Rice Mill, a partnership which is the holder of four negotiable warehouse receipts, against Hope Rice Mill, the partnership-warehouseman which had issued the receipts, for the value of certain rice covered by said receipts, but which rice was not delivered by the warehouseman in the quantity specified by the receipts. The plaintiff also contends that the rice was not of the same quality or grade as represented by the warehouse receipts and by the samples furnished by the warehouseman to plaintiff. For this alleged difference in quality, plaintiff seeks further recovery. Hope reconvened for storage charges. (Hope’s partners are impleaded as defendants.)
This suit was consolidated for trial with Orange Rice Milling Company v. Hope Rice Mill, La.App., 189 So.2d 64; Estherwood Rice Mill, Inc. v. Hope Rice Mill, La.App., 189 So.2d 73; and Farmers Rice Milling Company, Inc. v. Hope Rice Mill, La.App., 189 So.2d 74, all of which were decided this date.
The trial court, after allowing a deduction of one (1%) percent for reasonable shrinkage in weight, rendered judgment in favor of Edmundson-Duhe against defendants for the value of the rice which Hope was unable to deliver. The defendants have appealed, contending that the trial court was in error in allowing any recovery and refusing to recognize defendants’ reconventional demand for storage. Edmundson-Duhe has answered the appeal, contending that the trial court was in error in allowing the one (1%) percent deduction and in refusing to allow its claim for loss in quality or grade.
The evidence in the instant case reveals that there was a difference of 232,847 pounds between the weight of the rice stated on the negotiable warehouse receipts and the weight of the rice actually delivered. For the reasons stated by us in *72 Orange Rice Milling Company v. Hope Rice Mill, La.App., 189 So.2d 64, we have determined that the warehouseman, Hope Rice Mill, is responsible to plaintiff for this shortage. Likewise, for the reasons there stated, we find no error in the trial court’s deducting from the proven weight shortage an allowance of one (1%) percent of the total rice stored per the warehouse receipts, as being a reasonable shrinkage in weight resulting from natural causes unrelated to any negligence on the part of the defendants.
Edmundson-Duhe seriously contends that the defendant warehouseman is liable to it for a loss in quality of the rices which it purchased. The warehouse receipts in question stated that the rices represented by said receipts were U. S. Grades 1 and 2. These grades were confirmed by Edmund-son-Duhe’s own grader, who examined a sample furnished by the warehouseman.
However, a rough rice grader for Ed-mundson-Duhe, testified that based upon his limited testing the rice received by said mill was U. S. Grade S (a much lower grade). Nevertheless, the record reveals that the official U. S. Grade of rice must be determined by a qualified government inspector. For this reason, the trial court did not accept the plaintiff’s grader as an expert rice grader. The qualified government inspector called by plaintiff-appellee testified as to how rice is graded, but he never actually saw the rice involved herein. This latter expert’s testimony indicates that the placing of U. S. Grade on rice is a precise art.
Therefore, taking into consideration the failure of Edmundson-Duhe to have the rice inspected by official inspectors if its lowered grade at time of delivery was questioned (as its own rice grader witness testified is the correct procedure, Tr. 464), as well as Edmundson-Duhe’s belated claim for alleged loss of quality, we find that this plaintiff has not sufficiently proved delivery of quality less than shown by the receipts.
The remaining question to be disposed of is Hope’s reconventional demand for storage charges. Hope contends, that under a storage agreement between it and Edmundson-Duhe, Edmundson-Duhe owes a storage charge based upon the weights shown on the warehouse receipts. Edmund-son-Duhe admits that it owes a storage charge, but contends that same should be based upon the actual weight of rice delivered. Since we are holding the warehouseman liable for the shortage in rice and condemning it to pay the value thereof, the warehouseman is entitled to recover storage charges for the full amount of rice shown on the warehouse receipts, upon the theory that by making good the deficiency through recovery by this suit the warehouseman has made proper delivery of the full amount, thus entitling him to his full charges. See Marks v. New Orleans Cold Storage Co., 107 La. 172, 31 So. 671, 57 L.R.A. 271; 93 C.J.S. Warehousemen and Safe Depositaries § 61(g), p. 494; Annotation “Warehousemen-Perishables-Damages”, 32 A.L.R.2d 910, Section 4, p. 918. Therefore, we will grant judgment in favor of Hope on its re-conventional demand for $3,552.08, the amount claimed based upon storage charges upon the full weight shown by the receipts and without deduction for the quantity of rice not delivered.
For the reasons stated above, the judgment of the trial court is amended by granting judgment in favor of Hope on its reconventional demand in the amount of $3,552.08. All costs of this appeal to be paid by defendants-appellants.
Amended and affirmed.
On Application for Rehearing. En Banc. Rehearing denied.