TATE, Judge.
This is a suit by Estherwood Rice Mill, Inc., the holder of two negotiable warehouse receipts, against Hope Rice Mill, the partnership-warehouseman who had issued the receipts, for the value of certain rices covered by said receipts, but which rices were not delivered by the warehouseman. (Hope’s partners are impleaded as code-fendants.) This suit was consolidated for trial with Orange Rice Milling Company v. Hope Rice Mill, La.App., 189 So.2d 64; Edmundson-Duhe Rice Mill v. Hope Rice Mill, La.App., 189 So.2d 70; and Farmers Rice Milling Company, Inc. v. Hope Rice Mill, La.App., 189 So.2d 74, all of which were decided this date.
The trial court, after allowing a deduction of one (1%) percent for reasonable shrinkage in weight, rendered judgment in favor of Estherwood against defendants for the value of the rice which Hope was unable to deliver. Defendants have appealed, contending that the trial court was in error in allowing any recovery. Estherwood has answered the appeal, contending that the trial court was in error in allowing the one (1%) percent deduction.
The evidence in the instant case reveals that there was a difference of 113,-345 pounds between the weight of the rices stated on the negotiable warehouse receipts and the weight of the rices actually delivered. For the reasons stated by us in Orange Rice Milling Company v. Hope Rice Mill, La.App., 189 So.2d 64, we have determined that the warehouseman, Hope Rice Mill, is responsible to plaintiff for this shortage. Likewise, for the reasons there stated, we *74 find no error in the trial court’s deducting from the proven weight shortage an allowance of one (1%) percent of the total rice stored per the warehouse receipts, as being a reasonable shrinkage in weight resulting from natural causes unrelated to any negligence on the part of the defendants.
The judgment of the trial court is therefore affirmed at the cost of the defendants-appellants, Hope and its partners.
Affirmed.